UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEKISHA SHELTON**, | ) |
| *Plaintiff*, | ) CIVIL ACTION NO.: 24-01348 |
| v. | ) |
| | ) JUDGE: GREG G. GUIDRY |
| **UNIVERSITY HEALTHCARE SYSTEM, L.C.** | ) MAGISTRATE: JANIS VAN MEERVELD |
| *Defendant.* | ) |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff, Nekisha Shelton, respectfully submits this memorandum in support of her Motion for Leave to File a First Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. The amended complaint seeks to provide additional factual detail that arose or was discovered after the original complaint was filed and to clarify specific allegations initially presented. These amendments are necessary to ensure that all relevant facts and claims are properly before the Court, facilitating a just and efficient resolution of this matter. In accordance with Local Rule 7.6, undersigned counsel for Plaintiff emailed counsel for the Defendant a copy of the proposed amended complaint to obtain consent, Defendant does not consent to this filing.

**I.      LEGAL STANDARD**

Under Rule 15(a)(2), a party may amend its pleadings only with the opposing party's written consent or the court's leave. Courts within the Fifth Circuit adhere to a strong presumption in favor of granting leave to amend (*In re BP P.L.C. Sec. Litig.*, 2017 U.S. Dist. LEXIS 33302 (S.D. Tex. Mar. 8, 2017)). The Fifth Circuit mandates that "leave to amend shall be freely given when justice

so requires" (*Foman v. Davis*, 371 U.S. 178, 182 (1962)). Moreover, courts must entertain this presumption in favor of amendment to ensure that parties have a fair opportunity to fully develop their claims (*Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004)).

## II. PROCEDURAL HISTORY

Plaintiff, a former employee of Defendant, filed her original complaint alleging violations of Title VII (hostile work environment) and racial discrimination under Title VII and 42 U.S.C. § 1981.

On September 4, 2024, Defendant filed a Motion to Dismiss under Rule 12(b)(6), arguing that Ms. Shelton's complaint failed to state a claim for relief as to any of the asserted causes of action.

In response, Plaintiff now seeks leave to amend her complaint to provide additional factual details that were discovered after the initial complaint was filed and to clarify specific allegations that were present in the original pleading. These amendments are essential to strengthen the claims and to address any deficiencies identified by the Defendant's motion.

## III. ARGUMENT

The Fifth Circuit mandates a presumption in favor of granting leave to amend, especially when a party seeks to provide new information or clarify existing facts in the complaint (*Foman*, 371 U.S. at 182). Leave to amend should only be denied under limited circumstances, such as "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of the amendment" (*Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)). None of these factors are present here.

This is Ms. Shelton's first request for leave to amend, and the amendment is made in good faith to ensure that all relevant facts are presented for the Court's consideration. There is no

evidence of undue delay or dilatory motive in requesting this amendment, as it is filed promptly in response to Defendant's motion to dismiss.

Defendant will not suffer undue prejudice if the amendment is granted. The amended complaint does not introduce any new legal claims, but rather clarifies the factual basis for the claims already asserted. The proposed amendment will ensure that the pleadings accurately reflect the facts and streamline the discovery process.

The proposed amendment is not futile, as it directly addresses the issues raised in Defendant's motion to dismiss by adding additional details that support Ms. Shelton's hostile work environment and racial discrimination claims. Courts within the Fifth Circuit recognize that factual clarifications or additions often make claims more robust and facilitate the resolution of disputes on their merits (*In re BP P.L.C. Sec. Litig.,* 2017 U.S. Dist. LEXIS 33302).

Given the presumption in favor of amendment, and the absence of any valid grounds for denying leave, justice requires that the Court grant Ms. Shelton leave to amend her complaint. Denying leave would unfairly restrict her ability to fully present the factual basis for her claims, especially since the additional facts were not available at the time of the original filing.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the First Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Granting leave will ensure that all relevant facts and issues are properly before the Court, facilitating the efficient resolution of this case on its merits.

Respectfully Submitted,
**THE MINIAS LAW FIRM**

/s/ Christopher Minias
Christopher Minias Bar No.: 36230
Karl White Bar No.: 40991
1615 Poydras Street
Suite 900
New Orleans, LA  70112
Telephone: (504) 777-7529
Fax: (504) 566-2866
***Attorneys for the Plaintiff,***
***Nekisha Shelton***

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2024, a copy of the foregoing Motion for Leave to File Plaintiff's First Amended Complaint and Proposed Order attached thereto, were served by ECF on all counsel who have appeared in this matter

/s/ Christopher A. Minias
CHRISTOPHER MINIAS