UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NEKISHA SHELTON | * | CIVIL ACTION NO. 24-1348 |
| | * | |
| VERSUS | * | SECTION: "T"(1) |
| | * | |
| UNIVERSITY HEALTHCARE SYSTEM, L.C. | * | JUDGE GREG G. GUIDRY |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is plaintiff's Motion for Leave to File First Amended Complaint. (Rec. Doc. 36). Because the Court finds that Shelton has established good cause under Federal Rule of Civil Procedure 16 and that it is in the interest of justice under Rule 15 to allow her pleading amendment, the Motion is GRANTED and plaintiff's First Amended Complaint shall be entered into the record.

Background

This is an employment discrimination lawsuit. Plaintiff Nekisha Shelton is an African American female who worked as a Per Diem Nursing ("PRN") employee for defendant University Healthcare System, L.C. beginning in August 2022. She alleges that she was assigned an unreasonable workload, that the charge therapist yelled at her, and that the charge therapist ordered her to clock out and go home and then had a security officer escort her out. She alleges she never witnessed a Caucasian employee being escorted out by security for refusing to complete an assignment or any other infraction. She alleges that she lodged a complaint of racial discrimination. She was terminated shortly thereafter. In her original Complaint filed May 22, 2024, she asserted claims for hostile work environment based on her race, race discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981. On October 9, 2024,

1

the District Court issued a scheduling order setting trial for April 7, 2024. The deadline to amend pleadings was November 8, 2024.

Meanwhile, Defendant filed a Motion to Dismiss on September 4, 2024, arguing that Shelton's hostile work environment claim fails because she only alleged an isolated incident of an unreasonable work environment and failed to allege any facts connecting the alleged unreasonable workload to her race. It argues that her retaliation claim fails because the unreasonable workload complaints did not involve any race-based statements and because she admits that she was terminated before Defendant's decision makers knew of her alleged complaint regarding race. It argues that her discrimination claims fail because the only similarly situated comparator she invokes is not nearly identical to her because he spoke to his supervisor regarding his workload and behaved calmly, as opposed to unilaterally refusing to perform duties and shouting, cursing, and threatening violence as Defendant claims Shelton did.

Shelton filed a Motion for Leave to Amend on October 24, 2024. After Defendant opposed, Shelton withdrew the motion on November 12, 2024, informing the Court that upon further review and consideration, she wished to file a revised First Amended Complaint that would deal more comprehensively with the issues raised in Defendant's Motion to Dismiss. Between November 13 and November 15, 2024, sought to file the present Motion for Leave to File First Amended Complaint.[1] She seeks to allege nearly thirty additional pages of details to clarify the factual basis for her claims.

Defendant opposes. It argues that the proposed amendment is late. And it argues that it fails to cure the deficiencies it raised in its Motion to Dismiss. First, it submits that her new claim that

---

[1] Shelton's first filing was marked filed in error, the second attempt filed shortly thereafter was marked deficient by the Clerk of Court's Office because no memorandum in support was filed, and the third attempt filed the next day was marked deficient because the proposed pleading was not included. On November 15, 2024, Shelton properly filed her Motion for Leave in her fourth attempt. This version of the Motion is presently under consideration by the Court.

2

she was assigned an unreasonable workload on an additional day was never raised before the Equal Employment Opportunity Commission. Next, it says that Shelton confusingly attempts to raise a constructive discharge claim, when she was terminated from employment. Finally, it says she has still failed to provide any explanation for her egregious violent and threatening conduct around patients and employees.

In reply, Shelton argues that Defendant's merits arguments are premature. She insists there is good cause for her amendment because it is critical to her ability to pursue her claims and defendant has suffered no prejudice.

Law and Analysis

1. *Standard for Leave to Amend*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

Where the court ordered deadline for amending pleadings has passed, that schedule "may be modified" to allow for additional amendments "only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4); see S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). When determining whether the movant has shown good cause, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.' " S&W Enterprises, 315 F.3d at 536 (quoting Reliance Ins. Co. v. Louisiana Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original).

2. *Analysis*

By the time Shelton filed the present Motion for Leave to Amend, the deadline to amend pleadings had already passed. Accordingly, she must show good cause under Rule 16.

Shelton's explanation for her failure to timely move for leave to amend is unclear. It appears that Defendant's opposition to her original motion for leave to amend may have alerted her to additional issues that she wanted to address. She sought to withdraw that original motion and began attempting to file the present motion approximately a week after the filing of Defendant's opposition memorandum. It appears, therefore, that she was not aware of all the purported deficiencies in her original complaint until Defendant's opposition to her original motion for leave to amend was filed. She then acted promptly to file the present motion for leave to amend. However, she does not claim she was not previously aware of the facts she now seeks to allege. The Court finds the explanation for Shelton's delay does not weigh for or against granting leave.

Next, the Court considers the importance of the amendment. Shelton argues that the amendment is important because the new allegations are critical to her ability to pursue her Title VII claims. The Court does not now speak to whether the additional factual allegations remedy the issues raised in Defendant's motion to dismiss. But the Court does find that, to the extent these additional factual allegations could prevent dismissal, they are very important to her claims. This factor weighs in favor of finding good cause.

The Court next considers the potential prejudice. Shelton missed the deadline to amend pleadings by about one week. The Court finds this has not resulted in any prejudice to Defendant.

The Court finds that Shelton has established good cause for her out of time amendment.

The Court next considers whether leave should be granted under Rule 15. The Court finds no evidence of undue delay, bad faith, or dilatory motive. Although this is Shelton's second attempt to cure the deficiencies raised by Defendant in its motion to dismiss, her first attempt was never seen through because she withdrew the motion before it was granted. The Court finds she has not yet made repeated failed attempts to amend. The Court finds no prejudice in allowing the amendment—defending against a claim is not prejudice. As to futility, the Court finds it is premature to consider Defendant's arguments. Shelton should be allowed to set forth her best case before the District Court addresses Defendant's motion to dismiss. It appears she has now done so. Defendant's merits arguments are better addressed on a renewed motion to dismiss. The Court cautions Shelton, however, that another attempt to amend her pleadings in response to Defendant's renewed motion to dismiss is unlikely to be granted because she has already had an opportunity (arguably two opportunities) to do so.

<u>Conclusion</u>

The Court finds that Shelton has established good cause under Rule 16 and that it is in the interest of justice under Rule 15 to allow her pleading amendment. Accordingly, her Motion for Leave is GRANTED; Shelton's First Amended Complaint shall be entered into the record.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Rec. Doc. 7) is DISMISSED without prejudice.

New Orleans, Louisiana, this 3rd day of January, 2025.

                                              Janis van Meerveld
                                     United States Magistrate Judge